FILED
NOV 14 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 4:22 CR 640 |
| TERRY TERRIGNO, | ) | Title 18, United States Code, Sections 201(b)(2)(C), 1791(a)(1), (b)(1), (d)(1)(C), (b)(3), (d)(1)(B), (b)(5), and (d)(1)(G) |
| Defendant. | ) | |

JUDGE BARKER

Magistrate Judge Grimes Jr.

GENERAL ALLEGATIONS

1. "Mobile Payment Application" was a mobile payment service that allowed individuals to send and receive sums of money electronically.

2. "Payment Services" were services that allowed individuals to send sums of money from one physical location to be picked up by an individual at another physical location.

3. The United States Marshals Service ("USMS") was established as a bureau within the United States Department of Justice under the authority and direction of the Attorney General.

4. The Attorney General was authorized to delegate responsibility for the safekeeping of federal pre-trial detainees to the USMS, and the USMS was authorized to enter into contracts for the same.

5. The Northeast Ohio Correctional Center ("NEOCC") operated under a contract with the USMS for the safekeeping of federal pre-trial detainees.

6. Defendant TERRY TERRIGNO was employed by NEOCC as a Correctional Officer from on or about February 13, 2017 to on or about July 4, 2019.

## COUNT 1
(Accepting Bribes, 18 U.S.C. § 201(b)(2)(C))

The First Assistant United States Attorney charges:

7. The allegations contained in paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if fully set forth herein.

8. From on or about February 13, 2017 to on or about July 4, 2019, in the Northern District of Ohio, Eastern Division, Defendant TERRY TERRIGNO, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duties, that is: accepting electronic payments via Mobile Payment Application and Payment Services in exchange for smuggling contraband into NEOCC (as charged in Counts 2 and 4 herein), in violation of Title 18, United States Code, Section 201(b)(2)(C).

## COUNT 2
(Providing Narcotics to an Inmate, 18 U.S.C. §§ 1791(a)(1), (b)(1), and (d)(1)(C))

The First Assistant United States Attorney further charges:

9. The allegations contained in paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if fully set forth herein.

10. From on or about February 13, 2017 to on or about July 4, 2019, in the Northern District of Ohio, Eastern Division, Defendant TERRY TERRIGNO, a correctional officer at Northeast Ohio Corrections Corporation, contrary to Title 21, United States Code, Section 841(a)(1), provided and attempted to provide a prohibited object to a prison inmate, to wit: Suboxone, containing the narcotic drug buprenorphine, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(1), and (d)(1)(C).

## COUNT 3
(Providing Marijuana to an Inmate, 18 U.S.C. §§ 1791(a)(1), (b)(3), and (d)(1)(B))

The First Assistant United States Attorney further charges:

11. The allegations contained in paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if fully set forth herein.

12. From on or about February 13, 2017 to on or about July 4, 2019, in the Northern District of Ohio, Eastern Division, Defendant TERRY TERRIGNO, a correctional officer at Northeast Ohio Corrections Corporation, contrary to Title 21, United States Code, Section 841(a)(1), provided and attempted to provide a prohibited object to a prison inmate, to wit: marijuana, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(3), and (d)(1)(B).

## COUNT 4
(Providing Tobacco to an Inmate, 18 U.S.C. §§ 1791(a)(1), (b)(4), and (d)(1)(G))

The First Assistant United States Attorney further charges:

13. The allegations contained in paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if fully set forth herein.

14. From on or about November 13, 2017 to on or about November 7, 2018, in the Northern District of Ohio, Eastern Division, Defendant TERRY TERRIGNO, a correctional officer at NEOCC, contrary to 28 C.F.R. §§ 6.1, 553.12, and 500.1(h), knowingly provided and attempted to provide a prohibited object to a prison inmate, to wit: a portion of tobacco, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(5), and (d)(1)(G).

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By: *Michael L. Collyer* (signature)
MICHAEL L. COLLYER, CHIEF
White Collar Crimes Unit

3